# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERBERT JACOBSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | **CIVIL ACTION** |
| | **NO. 18-829-SDD-RLB** |
| **VERSUS** | |
| **SOUND INPATIENT PHYSICIANS, INC., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 7, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HERBERT JACOBSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CIVIL ACTION |
| VERSUS | NO. 18-829-SDD-RLB |
| SOUND INPATIENT PHYSICIANS, INC., ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Initial Motion to Remand. (R. Doc. 12). Defendants have filed a Notice of Consent to Remand. (R. Doc. 20). Accordingly, the Motion is unopposed.

On September 10, 2018, Defendants removed this action asserting that this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). (R. Doc. 1). CAFA expanded federal district courts' original jurisdiction to include "'class actions' and 'mass actions'" in which there is minimal diversity and the aggregate amount in controversy exceeds $5 million. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 739-40 (2014). Under CAFA, federal diversity jurisdiction is conferred over class actions where (1) the number of individuals in the proposed class exceeds 100; (2) minimal diversity of citizenship exists; *i.e.* at least one plaintiff and one defendant are from different states, and (3) the amount in controversy, exclusive of interests and costs, is greater than $5,000,000. 28 U.S.C. § 1332(d); *see Nolan v. Exxon Mobil Corp.*, No. 13-439, 2013 WL 6194621, at *2 (M.D. La. Nov. 26, 2013). The defendant bears the burden of demonstrating that these factors have been met. *Nolan*, 2013 WL 6194621, at *2.

1

On October 10, 2018, Plaintiff filed the instant Motion, asserting, among other things, that "Defendants have failed to meet their burden to provide that the amount in controversy exceeds $5 million." (R. Doc. 12 at 2). The same day, the parties filed a joint motion seeking entry of a scheduling order to provide the parties the opportunity engage in limited discovery regarding subject matter jurisdiction under CAFA. (R. Doc. 11). The undersigned granted the motion. (R. Doc. 15).

On November 16, 2018, Defendants filed their Notice of Consent to Remand, which provides, in pertinent part, the following:

> [T]he parties have worked to confer regarding the CAFA jurisdictional requirements, including the amount in controversy requirement.
>
> In the course of exploring these issues, Defendants have come to the conclusion that remand is appropriate. Defendants state that collectively, they have billed in excess of $5 million to patients in the State of Louisiana. However, by his Complaint, Plaintiff has limited the amount in controversy to "the amount paid to the Defendants [by Mr. Jacobson and the purported Class] in connection with the bills that violated the [Louisiana Health Care Consumer Billing and Disclosure Protection] Act and were void and/or voidable." Record Document 1-1, p. 17 (Complaint ¶ 98). Defendants clearly do not admit that any bill produced to members of the alleged Class violated the Louisiana Health Care Consumer Billing and Disclosure Protection Act, nor do Defendants admit that such bills were void and/or voidable. However, because "the amount paid" on bills to patients in the State of Louisiana is less than $5 million, the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) is not satisfied. For this reason, Defendants submit that remand is appropriate and hereby notify the Court of their consent to that action.

(R. Doc. 20 at 2-3).

Given the foregoing, remand of this action is appropriate as Defendants have failed to meet their burden of establishing that the amount in controversy requirement is satisfied.

2

**IT IS RECOMMENDED** that Plaintiff's Initial Motion to Remand (R. Doc. 12) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on January 7, 2019.

 

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**